HEIRS OF SALOMÓN MALDONADO, Plaintiffs and Appellees, *v.* RITO MALDONADO TORO, Defendant and Appellant.

No. 5233. Argued February 19, 1931.—Decided June 23, 1932.

*Guillermo S. Pierluisi* and *R. Atiles Moreu* for appellant. *Luis Mercader* for appellees.

MR. JUSTICE ALDREY delivered the opinion of the Court.

This appeal has been taken by the defendant from a judgment rendered in an injunction proceeding brought under Act No. 43 of 1913 restraining the appellant from the commission of any acts that might disturb the appellees in their possession of a certain rural property.

The first two grounds of the appeal are based on the refusal of the lower court to strike certain words from the complaint, and on the claim that the complaint does not state facts sufficient to constitute a cause of action. On this account, we will have to make a summary of its allegations.

It appears from the title of the complaint that the same was filed by the heirs of Salomón Maldonado, who are his widow, Aleja Maldonado Irizarry, and his daughter, María Maldonado Irizarry. It is alleged therein that Aleja Irizarry, widow of Salomón Maldonado, and her daughter María Maldonado Irizarry, who are the heirs of the said Salomón Maldonado, are now, and have been for more than

a year prior to the bringing of the suit, in the actual pos-. session of a rural property described, which was inherited from Salomón Maldonado; that since August 1, 1929, or one month prior to the filing of this complaint, the defendant, Rito Maldonado, acting by himself and through his servants, had entered upon said property, which has been in the possession of the plaintiffs for about twenty-five years, and without their knowledge or consent has cultivated the land therein, planting fruits, cutting trees, and doing other similar acts.

The appellant claims that the court erred in refusing to strike the following words from the complaint: "Widow of Salomón Maldonado, and his daughter María Maldonado Irizarry, who are the heirs of Salomón Maldonado." His ground is that since the death of Salomón Maldonado was not alleged, there was no reason for the plaintiffs to aver that they are his widow and his daughter and that both are his heirs.

We do not think that the court was bound to order those words stricken from the complaint, as the averment that Aleja Irizarry is the widow of Salomón Maldonado constitutes an implied allegation that he died, since the plaintiff, can not be the widow of Salomón Maldonado unless he is dead.

Concerning the allegations of the complaint, we are of opinion that they are sufficient to support this action, inasmuch as they show that the plaintiffs have been in actual possession of the property for more than a year and set forth the trespasses of the defendant within one month prior to the filing of the complaint.

All the remaining assignments of error relate to the evidence. But we will consider together only the third, fourth, and sixth assignments, that is, those claiming that the identity of the plaintiffs was not proved; that the court erred in holding that the plaintiffs were in possession of the land and that the defendant had entered upon it against the

will of the plaintiffs and that his acts amounted to a trespass; also, that the court erred in not holding that the defendant acquired the possession under a contract which was binding and enforceable in contemplation of law.

It appears from the testimony of the witnesses for both parties that Salomón Maldonado died, that he was married to Aleja Irizarry, and that María Maldonado was the only child born of that marriage; hence it can not be maintained that the identity of the plaintiffs was not proved.

There was testimony produced by the plaintiffs, to the effect that Salomón Maldonado had been in possession of the land for some twenty-five years; that upon his death the plaintiffs continued in possession thereof, and that the defendant had entered upon said property one month before suit was brought against him and that he cultivated said land and planted bananas. The evidence of the defendant admits that the plaintiffs and Salomón Maldonado have occupied said property for many years, but it is sought to prove thereby that the plaintiffs as well as Salomón Maldonado held possession as croppers (*medianeros*) under the owner of the land, from whom Rito Maldonado had purchased the latter; that the plaintiffs agreed with the defendant to vacate said property and that the defendant paid the plaintiffs $350.00 as the value of their growing crops, and that subsequently the defendant began to cultivate the land. A short time before the complaint herein was filed, the appellant brought an action of unlawful detainer at sufferance against the plaintiffs, and judgment had not been rendered in that action when the trial in the case at bar was held.

There can be no doubt that the plaintiffs have been in actual possession of the property in question for several years and that the defendant entered upon the property and began to cultivate it. Therefore, the judgment appealed from is justified in spite of the evidence offered by the defendant to the effect that he purchased the property from a third person who was the owner thereof; that Salomón

Maldonado, his wife, and his daughter have held possession of the property as croppers; and that the appellees agreed with him to vacate the property in consideration of the payment they received for the growing crops they had thereon; for the only purpose of this injunction proceeding is to keep in possession whomsoever has it and is disturbed, and no question of title can be determined in such proceeding. If the facts are as stated by the appellant, he has other legal remedies available to enforce his rights and to obtain the eviction of the appellees from the premises.

The fifth assignment of error is that the lower court refused to admit evidence to the effect that a certain negotiation had taken place which terminated the possession of the plaintiffs by virtue of section 462 of the Civil Code. That cited section provides that a possessor may lose possession, among other reasons, by an assignment made to another person, either for a valuable consideration or by a deed of gift.

The transaction referred to in that assignment of error is said to have taken place between Rito Maldonado and the plaintiffs, it being to the effect that the latter would abandon the property in consideration of the payment to them of a certain sum of money. But the error, if any, in rejecting that evidence when a witness of the plaintiff was cross-examined, is harmless in the instant case, as the evidence introduced by the defendant referred to that transaction or contract. Moreover, said witness had not testified in his direct examination in regard to that transaction.

By the last error assigned it is charged that the lower court prevented the impeachment of the witness Pedro Cortés.

As we stated in connection with the preceding assignment of error, after the court refused to permit the witness Cortés to testify in respect to the said transaction, counsel for the defendant announced that he was going to lay the foundation for the impeachment, without stating whether the impeachment was of the witness or of the matter about which counsel was not allowed to cross-examine him. The witness

was asked whether Rito Maldonado took possession of the property; whether the widow had delivered in his presence to Maldonado the possession of the plants and crops that she cultivated; whether the defendant gave her $350; and other similar questions, all of which were answered in the negative by said witness. This shows that there was no impeachment of the witness as the appellant claims, and for that reason the error alleged is nonexistent.

The judgment appealed from should be affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.